## ROSENBERG et al. v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION.

(District Court, D. Oregon. November 1, 1920.)

No. L-8637.

Removal of causes ⚿19 (8)—Action against Emergency Fleet Corporation removable; "corporation of United States."

The United States Shipping Board Emergency Fleet Corporation, incorporated pursuant to an act of Congress (Comp. St. §§ 8146a–8146r) under the laws of the District of Columbia, also enacted by Congress, is a corporation of the United States, and an action against it is removable as involving a federal question.

At Law. Action by Isadore Rosenberg and Joseph Rosenberg, partners as the Rosenberg Iron & Metal Company, against the United States Shipping Board Emergency Fleet Corporation. On motion to remand to state court. Denied.

Platt & Platt and Hugh Montgomery, all of Portland, Or., for plaintiffs.

MacCormac Snow, of Portland, Or., for defendant.

WOLVERTON, District Judge. This is an action in replevin, to recover possession of certain bills of lading which, it is alleged, the defendant wrongfully detains from plaintiffs. The cause was instituted in the state court, and is here on removal. Plaintiffs have interposed a motion to remand the cause to the state court, and the question for decision arises on this motion. The sole inquiry is whether there is a federal question involved in the controversy. If, so, the removal was properly allowed. If not, the cause should be remanded.

A brief reference to the manner of defendant's organization, and the functions it was designed to perform, will readily afford basis for solution. The Shipping Board was established by act of Congress of September 7, 1916 (39 Stat. 728 [Comp. St. §§ 8146a–8146r]), with authority, with the approval of the President, to construct and equip, or to purchase, lease, or charter vessels suitable for use as naval auxiliaries or army transports, or for other naval or military purposes, and to make necessary repairs on and alterations of such vessels. By section 11 of the act (section 8146f), the Shipping Board is, when in its judgment it is deemed necessary, authorized to form, under the laws of the District of Columbia, one or more corporations for the purchase, construction, equipment, lease, charter, maintenance, and operation of merchant vessels in the commerce of the United States.

In pursuance thereof, and so authorized thereby, the Shipping Board incorporated the United States Shipping Board Emergency Fleet Corporation, under the general incorporation laws of the District of Columbia. These laws were adopted by act of Congress. The organization and incorporation were, therefore, not only in pursuance of a law of Congress expressly authorizing the same, but in pur-

⚿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

suance also of an incorporation statute provided by Congress. Nothing is plainer than that the defendant is a corporation of the United States. It has long been settled that a suit against such a corporation is a suit arising under the laws of the United States. Such a suit is proper for removal from the state court into a federal court. Osborn v. United States Bank, 9 Wheat. 738, 823, 6 L. Ed. 204; Pacific Railroad Removal Cases, 115 U. S. 1, 11, 5 Sup. Ct. 1113, 29 L. Ed. 319. These authorities have been followed without question ever since their enunciation.

A federal question being involved, the motion to remand will be denied.